# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CALVIN WATSON,** | ) | |
| Petitioner, | ) | Case No. 7:05CV00537 |
| v. | ) | **OPINION** |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Calvin Watson, a federal inmate proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). Watson challenges the validity of his 1999 conviction for conspiracy to distribute cocaine base, in violation of 21 U.S.C.A. § 841 (West 2000 & Supp. 2005). The court finds that Watson's motion is untimely filed and dismisses it accordingly.

I

Calvin Watson pleaded guilty pursuant to a written plea agreement on March 15, 1999, to conspiracy to distribute cocaine base. After preparation of a presentence report and conduct of a sentencing hearing, the court sentenced Watson on May 25, 1999, to 170 months imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed Watson's conviction and sentence on April 6, 2000. Watson did not file a petition for a writ of certiorari with the United States Supreme Court.

The court conditionally filed Watson's § 2255 motion and allowed him opportunity to show why his motion should not be dismissed as untimely filed. Watson claims that he was wrongfully sentenced pursuant to the decisions of the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 125 S. Ct. 738 (2005). He asserts that the court should deem his motion timely filed because he submitted it within one year of January 12, 2005, the date on which the Supreme Court issued the *Booker* decision.

II

A person convicted of federal offenses has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para. 6.  If the district court gives the petitioner notice that his motion appears to be untimely and allows him an opportunity to provide any argument and evidence he may have regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

III

Under § 2255 para. 6(1), Watson's motion is clearly untimely.  His conviction became final on July 5, 2000, when the ninety-day period to file a petition for a writ of certiorari with the Supreme Court expired.  *See United States v. Clay*, 537 U.S. 522, 525 (2003).  He had one year from that date, or until July 5, 2001, to file a § 2255 motion.  He executed the instant motion on August 15, 2005, more than four years after his filing period expired.

Watson argues his motion is timely filed under § 2255 para. 6(3) (hereinafter "subsection (3)").  I cannot agree.  First, this court has held that the rule in *Booker* does not apply retroactively to cases like Watson's on collateral review. *Berry v. United States*, No. 7:05-cv-574, 2005 WL 2407626, at *1 (W.D. Va. Sept. 29, 2005). Thus, the *Booker* decision cannot trigger calculation of Watson's § 2255 limitation period under subsection (3) and also fails to provide him grounds for habeas relief.

Second, Watson did not file his motion within one year of the 2000 decision in *Apprendi*. Accordingly, *Apprendi* cannot serve as a basis upon which to find Watson's § 2255 motion to be timely filed under subsection (3). Because Watson fails to demonstrate any other ground upon which his motion might be deemed timely filed, I will summarily dismiss his motion. An appropriate Final Order will be entered herewith.

DATED: November 3, 2005

/s/ James P. Jones
Chief United States District Judge